UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 0 1 2011 ★

BROOKLYN OFFICE

-----------------------------------------------------------x

MATTHEW JENKINS,

                    Plaintiff,

       -against-

DETECTIVE LIAMM MORRIS, Shield Number
06799; DETECTIVE PATRICK CROSBY, Shield
Number 06696; POLICE COMMISSIONER
RAYMOND KELLY; ROSE GILL; MAYOR
MICHAEL BLOOMBERG; MARTHA HIRST;
BORO PRESIDENT MARTY MARKOWITZ;
DISTRICT ATTORNEY CHARLES J. HYNES;
and COUNTY CLERK NANCY T. SUNSHINE,

                    Defendants.

**MEMORANDUM AND ORDER**

11-CV-4178 (SLT) (CLP)

-----------------------------------------------------------x

**TOWNES, United States District Judge:**

       Plaintiff Matthew Jenkins, currently incarcerated at Upstate Correctional Facility, brings

this action *pro se* pursuant to 42 U.S.C. § 1983 against two New York City Police Department

("NYPD") detectives – Liamm Morris and Patrick Crosby – and various public officials: New

York City Mayor Michael Bloomberg; NYPD Commissioner Raymond Kelly; Brooklyn

Borough President Marty Markowitz; Kings County District Attorney Charles J. Hynes; Kings

County Clerk Nancy T. Sunshine; Martha Hirst, the Commissioner of the Department of

Citywide Administrative Services; and Rose Gill (presumably Rose Gill Hearn), the

Commissioner of the New York City Department of Investigation. The Court grants plaintiff's *in*

*forma pauperis* application pursuant to 28 U.S.C. § 1915(a). For the reasons discussed below,

however, plaintiff's claims against defendants Bloomberg, Kelly, Markowitz, Hynes, Sunshine,

Hirst, and Gill are dismissed without prejudice. Plaintiff is granted thirty (30) days leave to file

an amended complaint.

## BACKGROUND

In late August 2011, this Court received two submissions from plaintiff. The first was a civil complaint, which consists primarily of a completed "Form to be Used in Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983." Although this complaint raises seven separate claims, all of these claims allege, without elaboration, that on September 15, 2006, Detectives Morris and Crosby violated plaintiff's constitutional rights by causing "false documents" to be placed into their police reports and plaintiff's official record. These seven claims vary only in that each alleges a violation of a different constitutional right. The complaint names seven defendants other than Detectives Morris and Crosby, but makes no allegations concerning these individuals.

The second submission, which was received with the first, is a motion pursuant to Section 10(6) of the New York Court of Claims Act for permission to file a late notice of claim. This submission consists of a two-page, handwritten notice of motion and an unsworn four-page "Affidavit in Support of Motion to File Late Claim," signed by plaintiff. The notice of motion refers to various theories of liability which are not mentioned in plaintiff's complaint, including negligence, defamation, libel and slander. The affidavit includes some factual allegations which are not in the complaint. Specifically, the affidavit states that Detectives Morris and Crosby created police reports containing a fictitious "oral statement" in which plaintiff purportedly implicated another individual in plaintiff's criminal activities. (Affidavit in Support of Motion at ¶ 4). The affidavit further alleges that "the ramifications of those actions is the primary cause of [plaintiff's] injuries" (*id.*), but does not specify the injuries plaintiff suffered.

Although the affidavit refers to Morris and Crosby, it does not specifically mention any of the other defendants named in the complaint in this action. However, the affidavit alludes to defendant Hynes, stating that "[t]he City of New York and the [D]istrict Attorney of Kings County had ample time to investigate the 'oral statement,'" (*id.*), and implying that unnamed "staff" at the District Attorney's Office "through lack of adequate training affected the discovery by submitting false documents into the official investigation of [plaintiff's] case in Kings County . . . " (*id.*).

## DISCUSSION

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). "This is particularly so when the *pro se* plaintiff alleges that . . . civil rights have been violated." *See Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).

3

The "dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." *Boykin v. KeyCorp*, 521 F.3d 202, 216 (2d Cir. 2008). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Although plaintiff's complaint cites to 28 U.S.C. § 1331 (which establishes federal-question jurisdiction) and 28 U.S.C. § 1343 (which establishes federal jurisdiction over civil rights actions), this action is brought solely pursuant to 42 U.S.C. § 1983. Section 1983 "creates no substantive rights," but provides "a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). In order to maintain a § 1983 action, a plaintiff must allege both that the conduct complained of was "committed by a person acting under color of state law" and "deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Moreover, "[i]t is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). A plaintiff cannot base a defendant's liability on *respondeat superior* or on "linkage in the ... chain of command." *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003).

In this case, plaintiff's complaint names as defendants New York City Mayor Michael Bloomberg; NYPD Commissioner Raymond Kelly; Brooklyn Borough President Marty Markowitz; Kings County District Attorney Charles J. Hynes; Kings County Clerk Nancy T.

4

Sunshine; and the Commissioners of the New York City Department of Citywide Administrative Services and the New York City Department of Investigation. However, plaintiff does not make any allegations relating to these defendants in the body of his complaint, much less explain how these individuals were involved in the constitutional violations he alleges. Accordingly, plaintiff's claims against these seven defendants are dismissed without prejudice.

Plaintiff does refer to Detectives Liamm Morris and Patrick Crosby in the body of his complaint. However, the allegations concerning these defendants are so conclusory as to make it impossible for these defendants to meaningfully respond. Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly v. Bell*, 425 F.3d 99, 106 (2d Cir. 2005) (defining fair notice as that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial). Plaintiff must explain how the detectives' acts or omissions violated his constitutional rights and specify the injuries which resulted from these constitutional violations.

Plaintiff does not need to obtain permission to file a late notice of claim in order to pursue this action. The New York Court of Claims Act requires a plaintiff to file "[a] claim to recover damages for injuries to property or for personal injuries caused by the negligence or unintentional tort of an officer or employee of the state while acting as such officer or employee . . . ." N.Y.

5

Court of Claims Act, § 10(3). If plaintiff were suing state employees in their official capacities, such a suit could only be sought in the New York Court of Claims. Absent a waiver of Eleventh Amendment immunity, the Eleventh Amendment of the United States Constitution bars this Court from awarding damages against either a state or state employees sued in their official capacities when the state is the real party in interest. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984).

A plaintiff can maintain a § 1983 action against a state employee in his or her individual capacity, even when the conduct in question is related to the employee's official duties. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n. 24 (1997). However, the statute of limitations for actions brought in New York State pursuant in § 1983 is three years. *See Owens v. Okure*, 488 U.S. 235, 249-51 (1989). That statute of limitations may be equitably tolled for various reasons. Since plaintiff appears to be suing over an act which is alleged to have occurred almost 5 years ago – plaintiff may wish to consider whether there is a basis for equitable tolling before deciding whether to amend his complaint in this action.

## *CONCLUSION*

For the reasons set forth above, plaintiff is given thirty (30) days leave to file an amended complaint. *See Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). The amended complaint must be captioned as an "Amended Complaint," bear docket number 11-CV-4178 (SLT)(CLP), and comply with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff should set forth factual allegations to support his claim against Detectives Liamm Morris and Patrick Crosby and specify the injuries resulting from their acts and omissions. In particular, plaintiff should specify all relevant dates and state whether evidence of the allegedly fictitious "oral statement" was introduced at his trial.

6

Plaintiff's claims against defendants Bloomberg, Kelly, Markowitz, Hynes, Sunshine, Hirst, and Gill are dismissed without prejudice. Because the dismissal is without prejudice, plaintiff may still include claims against these defendants in his amended complaint, but only if he sets forth factual allegations concerning these defendants and explains how they are personally involved in the federal constitutional violations alleged in the amended complaint.

No summonses shall issue at this time and all further proceedings shall be stayed for thirty (30) days. If plaintiff fails to amend the complaint within the time allowed, this case will be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/ SLT

SANDRA L. TOWNES
United States District Judge

Dated: September / , 2011
Brooklyn, New York

7