FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 23 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MATTHEW JENKINS,

                Plaintiff,

    -against-

DETECTIVE LIAMM MORRIS, *et al.*,

                Defendants.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

11-CV-4178 (SLT) (CLP)

**TOWNES, United States District Judge:**

In August 2011, plaintiff Matthew Jenkins commenced this *pro se* action against two New York City Police Department ("NYPD") detectives – Liamm Morris and Patrick Crosby (collectively, "the Detectives") – and various public officials: New York City Mayor Michael Bloomberg; NYPD Commissioner Raymond Kelly; Brooklyn Borough President Marty Markowitz; Kings County District Attorney Charles J. Hynes; Kings County Clerk Nancy T. Sunshine; Martha Hirst, the Commissioner of the Department of Citywide Administrative Services; and Rose Gill (presumably Rose Gill Hearn), the Commissioner of the New York City Department of Investigation. In a Memorandum and Order dated September 1, 2011, this Court granted plaintiff leave to file an amended complaint setting forth factual allegations to support his claims against the Detectives, but dismissed without prejudice plaintiff's claims against defendants Bloomberg, Kelly, Markowitz, Hynes, Sunshine, Hirst, and Gill. The Court explained that plaintiff could include claims against these seven defendants in his amended complaint only if he set forth factual allegations concerning these defendants and explained how they were personally involved in the federal constitutional violations alleged in the amended complaint.

In mid-September 2011, plaintiff filed an amended pleading, naming as parties all of the defendants who were previously dismissed from this action except for Nancy Sunshine. The Amended Complaint also named as defendants two individuals not named in the original complaint – the Director of the Department of Internal Affairs and Vincent Schiraldi, Commissioner of the New York City Department of Probation – and clarified the factual allegations against the Detectives. In a memorandum and order dated November 7, 2011 (hereafter, the "November 7 Order"), this Court dismissed plaintiff's claims against defendants Bloomberg, Markowitz, Hynes, Hirst, Hearn, Schiraldi and the Director of Internal Affairs, but directed service of process upon the remaining defendants – Detectives Morris and Crosby and Police Commissioner Kelly. The Court also denied plaintiff's request that this Court "appoint counsel" on his behalf without prejudice to renewal after defendants either answered the amended complaint or applied for permission to move to dismiss.

According to the docket sheet, defendant Kelly waived service of process on December 15, 2011. *See* Docket Entry #12. However, defendants Morris and Crosby apparently did not waive service and were not served. Accordingly, on January 13, 2012, the New York City Law Department ("Corporation Counsel") wrote a letter to Magistrate Judge Cheryl L. Pollak ("Judge Pollak"), requesting that Commissioner Kelly's time to respond to the amended complaint be extended to "21 days after the remaining individual defendants are served with process in this matter." Letter to Hon. Cheryl L. Pollak from Asst. Corp. Counsel Max McCann, dated Jan. 13, 2012, at 2. That letter stated that, if Morris and Crosby were served and if Corporation Counsel represented them, Corporation Counsel would likely file a motion to dismiss on their behalf that would be similar to a motion that Corporation Counsel expected to file on Commissioner Kelly's

2

behalf. Accordingly, Corporation Counsel argued, "an enlargement of Commissioner Kelly's time to respond to the Amended Complaint would promote judicial economy by allowing defendants to present motions to dismiss at the same time." *Id.* Judge Pollak granted Corporation Counsel's application on January 13, 2012. *See* Docket Entry #15.

By submissions dated January 10 and 18, 2012, plaintiff renewed his request for the assignment of counsel. In an endorsed order dated January 18, 2012, this Court denied the first of these two requests as premature. That order cited that portion of the November 7 Order which stated that plaintiff could renew his motion for counsel after defendants either answered the amended complaint or applied for permission to move to dismiss.

On February 24, 2012, this Court received notification that the United States Marshals Service's attempts to serve defendants Morris and Crosby at One Police Plaza had been unsuccessful because no department or bureau had been specified for these two defendants. In response to this notification, Judge Pollak issued a *Valentin* order, requesting that Corporation Counsel "ascertain the service address(es) of defendants Morris and Crosby." Order dated Mar. 12, 2012, at 3. This order stated, "Once this information is provided, summonses shall be issued, and the Court shall direct service on the defendants." *Id.* The order also denied plaintiff's January 18, 2012, request for appointment of counsel, and "reminded [plaintiff] not to renew his application for counsel until the remaining defendants [were] . . . served and . . . responded to his Amended Complaint." *Id.* at 2.

3

On March 12 and March 21, 2012, this Court received two more submissions requesting appointment of counsel.[1] On March 19, 2012, this Court received two letters from plaintiff, dated March 13 and 15, 2012, which sought copies of various legal materials. The second of these letters specifically noted that plaintiff had received a copy of Judge Pollak's "latest order, regarding the service address[es] of the other two [defendants]." Letter to Cheryl L. Pollak from Matthew Jenkins, dated Mar. 15, 2012, at 1. Nonetheless, in a flurry of submission filed in late March or early April 2012, plaintiff requested an entry of default and moved for a default judgment with respect to all three defendants. Corporation Counsel opposed that motion in a letter dated April 10, 2012.

On April 11, 2012, Judge Pollak, acting *sua sponte*, issued a report and recommendation (the "R&R"), briefly explaining why plaintiff's request for an entry of default was premature. Specifically, the R&R noted that Commissioner Kelly's time to answer or otherwise respond to the Amended Complaint had been extended to 21 days after defendants Morris and Crosby were served, and that those two defendants had yet to be served. R&R at 2. Judge Pollak recommended that plaintiff's request for a default judgment be denied. *Id.* In addition, Judge Pollak denied the applications for appointment of counsel which this Court received on March 12 and March 21, 2012, and directed plaintiff to refrain from filing another request for counsel until after the conclusion of discovery.

Although the R&R directed the Clerk of Court to send plaintiff a copy of the R&R, the docket sheet does not indicate precisely when, if ever, the R&R was mailed. However, on April

---

[1] The first of these was dated March 8, 2012, several days before Judge Pollak's order was issued. The second was dated January 18, 2012, and appears to be a copy (albeit not an exact duplicate) of the request that was addressed in Judge Pollak's March 12, 2012, order.

30, 2012, this Court received from plaintiff an "Affidavit/Affirmation in Opposition to Defendant's Motion" dated April 25, 2012 ("Plaintiff's Affidavit"), which purports to respond to the government's April 10, 2012, opposition to plaintiff's request for entry of default and motion for a default judgment. In that submission, plaintiff recounts the history of this litigation in some detail. Plaintiff's acknowledges, among other things, that the attempt to serve defendants Morris and Crosby at One Police Plaza "was a failure," Plaintiff's Affidavit at 2, and that Corporation Counsel responded to Judge Pollak's *Valentin* order on April 12, 2012. *Id.* at 3. However, plaintiff makes no mention of Judge Pollak's January 13, 2012, order extending Commissioner Kelly's time to respond to the amended complaint to 21 days after the remaining individual defendants are served with process in this matter. Rather, plaintiff notes that approximately 120 days have passed since defendant Kelly was served with process.

## DISCUSSION

### *Plaintiff's Request for Default and Motion for Summary Judgment*

Since it is unclear when, or whether, the Clerk of Court served the R&R on plaintiff and whether plaintiff's "Affidavit/Affirmation in Opposition to Defendant's Motion," dated April 25, 2012, can be construed as an opposition to the R&R, this Court will consider plaintiff's request for entry of default and motion for a default judgment *de novo*. Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure provides that "[a] defendant must serve an answer: (i) within 21 days after being served with the summons and complaint; or (ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent . . . ." However, Rule 6(b)(1) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . ."

5

In this case, defendant Kelly waived service of process on December 15, 2011. *See* Docket Entry #12. By letter dated January 13, 2012, Corporation Counsel timely requested an extension of time in which to answer the amended complaint on behalf of Commissioner Kelly. Specifically, Corporation Counsel requested an extension until 21 days after the remaining individual defendants – that is, Morris and Crosby – were served with process. *See* Letter to Hon. Cheryl L. Pollak from Asst. Corp. Counsel Max McCann, dated Jan. 13, 2012, at 2. Judge Pollak granted that request by endorsing the letter, "Request granted." *See* Docket Entry #15.

As plaintiff himself acknowledges, the United States Marshals Service's attempt to serve defendants Morris and Crosby at One Police Plaza "was a failure," Plaintiff's Affidavit at 2, because no department or bureau was specified for these two defendants. In order to rectify this problem and to speed service of process, Judge Pollak issued a *Valentin* order requesting that Corporation Counsel supply addresses at which Morris and Crosby could be served. As plaintiff also acknowledges, Corporation Counsel responded to Judge Pollak's *Valentin* order on April 12, 2012, providing the requested information. *Id.* at 3. However, there is nothing on the docket sheet to indicate that either of these two defendants has yet been served.

In light of the foregoing, plaintiff's request for entry of default and motion for a default judgment are obviously premature. Defendants Morris and Crosby have not been served with process, and defendant Kelly's time to answer or otherwise respond to plaintiff's amended complaint has been extended to 21 days after Morris and Crosby are served with process. Accordingly, plaintiff's request for entry of default and motion for a default judgment (Docket Entries #31, 35 and 36) are denied.

*Plaintiff's Application for Counsel and Other Requests*

In early May 2012, this Court received yet another application for counsel, this one dated April 16, 2012. This Court assumes that this application was mailed before plaintiff received Judge Pollak's April 11, 2012, order directing that plaintiff refrain from filing another request for counsel until after the conclusion of discovery and was not contemptuous. However, this Court cautions plaintiff not to disregard Judge Pollak's order and to persist in his pattern of filing requests for counsel.

In this connection, the Court suspects that plaintiff, a State inmate, may misunderstand what this Court can and will provide him. First, unlike criminal defendants, who enjoy a Sixth Amendment right to representation, civil litigants have no constitutional right to counsel. *See In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). As a result, there is no panel of government-funded attorneys available to be appointed to represent litigants in civil cases. A court may "request an attorney to represent any person unable to afford counsel," 28 U.S.C. §1915(e)(1), but the Court cannot compel any attorney to accept a civil case on a *pro bono* basis. *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 301-02 (1989).

A district court considering whether to request an attorney for a *pro se* civil litigant must first determine whether the litigant's position seems "likely to be of substance." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989)), *see also Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 204-05 (2d Cir. 2003); *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). Only if a litigant's claims meet this "threshold requirement" does a court consider other factors, such as the "plaintiff's ability to obtain representation independently, . . . his ability to handle the case without assistance in light of the required factual investigation, [and] the complexity of the legal issues . . . ." *Cooper*, 877 F.2d at 172. At this preliminary stage of the

litigation, it is difficult to assess whether defendant's claims against defendants Kelly, Morris and Crosby meet this threshold requirement. For this reason, both this Court and Judge Pollak have directed plaintiff to make his request for counsel at a later time.

This Court also notes that there does not appear to be anything exceptional about plaintiff's circumstances. Many *pro se* litigants are incarcerated and some of those, like plaintiff, have been placed in punitive segregation at some point during their incarceration. While plaintiff's access to legal materials may be limited – especially while he is in segregate housing – this Court cannot compensate for this by providing copies of statutes, cases, or other legal materials. In addition, while this Court has a Pro Se Office to assist *pro se* litigants with procedural questions, that office cannot assist with substantive questions.

## *CONCLUSION*

For the reasons stated above, plaintiff's request for entry of default and motion for a default judgment (Docket Entries #31, 35 and 36) are denied. Plaintiff's request for appointment of counsel, dated April 16, 2012, is also denied. This Court assumes that this request for appointment of counsel was mailed before plaintiff received Judge Pollak's April 11, 2012, order directing that plaintiff refrain from filing another request for counsel until after the conclusion of discovery and was not contemptuous. However, this Court cautions plaintiff not to disregard Judge Pollak's April 11, 2012, order and to persist in his pattern of filing repeated requests for counsel.

**SO ORDERED.**

/S/
_____
SANDRA L. TOWNES
United States District Judge

Dated: May 17, 2012
Brooklyn, New York