**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUL 2 4 2012 ★

**BROOKLYN OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MATTHEW JENKINS,

                            Plaintiff,

        -against-

DETECTIVE LIAMM MORRIS, *et al.*,

                     Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**

11-CV-4178 (SLT) (CLP)

**TOWNES, United States District Judge:**

      This Court is in receipt of four submissions from *pro se* plaintiff Matthew Jenkins relating to the above-captioned action: an "Affidavit/Affirmation in Opposition to Defendant's Motion Objection/Court Orders" dated May 29, 2012 (hereinafter "Plaintiff's Affirmation"); a "Declaration for Entry of Default," dated May 29, 2011 [*sic*]; a letter dated May 26, 2012; and a letter dated June 22, 2012. This Memorandum and Order addresses these submissions.

***The First Submission: Plaintiff's Affirmation***

      Read liberally, the first of these submissions can be construed as requesting four types of relief. First, Plaintiff's Affirmation appears to object to, or seek reconsideration of, that portion of this Court's Memorandum and Order dated November 7, 2011, which dismissed plaintiff's claims against Kings County District Attorney Charles J. Hynes. To the extent that plaintiff is seeking reconsideration, that motion is denied. "The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citing cases). Plaintiff does not state a basis for



reconsideration.  While this Court recognizes that *pro se* submissions must be held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), *pro se* litigants are not "exempt . . . from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

Second, Plaintiff's Affirmation appears to object to Magistrate Judge Pollak's orders dated January 20, 2012, February 10, 2012, March 12, 2012, April 11, 2012, and April 16, 2012. Any such objections, however, would be untimely.  *See* Fed. R. Civ. P. 72(a) (requiring that objections to a magistrate judge's order be served filed within 14 days of receipt of the order). Moreover, this Court is satisfied that none of Judge Pollak's orders are clearly erroneous or contrary to law.  *See* Fed. R. Civ. P. 72.  It would be impractical and inefficient to conduct a scheduling conference before all defendants are served.  Moreover, by entering a *Valentin* order and directing the United States Marshals Service to serve defendants Morris and Crosby at the addresses supplied by Corporation Counsel, Judge Pollak has done everything in her power to expedite service of process in this case.

Third, Plaintiff's Affirmation appears to seek to compel Kings County District Attorney Charles J. Hynes, the New York City Police Department's Bureau of Internal Affairs, and the Commissioner of the New York State Department of Probation to conduct certain investigations. Plaintiff's claims against District Attorney Hynes, the Director of the Bureau of Internal Affairs and Vincent Schiraldi, the Commissioner of the New York City Department of Probation, were previously dismissed.  Accordingly, this Court lacks personal jurisdiction over these individuals and does not have the power to grant the relief plaintiff seeks.  Moreover, since the relief plaintiff seeks is essentially injunctive relief relating to the dismissed claims, plaintiff cannot establish a

2

likelihood of success on the merits, which is a prerequisite to the granting of such injunctive relief.

Fourth and finally, plaintiff references his letters dated March 19, 2012, and April 18, 2012, and requests "a list of everything . . . that [he is] entitled to from this Court's Pro Se Office." Plaintiff misapprehends the function of the Court's Pro Se Office. That Office exists to provide *procedural* advice to *pro se* litigants. Unlike public defenders, the Office is not assigned to particular cases and cannot offer any assistance with substantive legal issues. In addition, the Office is not a legal library and cannot provide help with legal research. However, if plaintiff has specific procedural questions, he may address them to that Office.

### The Second Submission: Plaintiff's "Declaration for Entry of Default"

Plaintiff's second submission is construed as a request for entry of default pursuant to Fed. R. Civ. P. 55(a). That request is denied for the reasons set forth in this Court's Memorandum and Order dated May 17, 2012. To the extent that this submission can be construed as seeking reconsideration of that Memorandum and Order, that application is denied for the same reasons set forth on pages 1-2, above. *See Shrader*, 70 F.3d at 257.

### The Third Submission: Plaintiff's Letter dated May 26, 2012

Plaintiff's letter dated May 26, 2012, expressly states that its purpose is "to provide [the Court] with [an] update as to [plaintiff's] current legal situation . . . ." Letter to U.S. District Judge Sandra L. Townes from Matthew Jenkins, dated May 26, 2012, at 1. In light of this characterization, this Court does not construe this letter as requesting any relief.

Although no response to plaintiff's letter is necessary, this Court wishes to clarify some things. First, since plaintiff is not suing a "municipal corporation, or any other state-created

governmental organization," Rule 4(j)(2) of the Federal Rules of Civil Procedure is inapplicable. Nothing in Rule 4 implies that individual police officers can be served by serving the police commissioner. Moreover, even if the commissioner could accept service on an individual officer's behalf, nothing in the Federal Rules of Civil Procedure would require him to waive service on the officer's behalf.

Second, the Court and defense counsel have taken prompt action to assist the incarcerated plaintiff in locating and serving defendants Morris and Crosby. However, plaintiff must understand that his is not the only pending *pro se* action in the district. Accordingly, while plaintiff may believe that two months is "more than enough time to serve" the detectives, *id.* at 2, he may not be taking into account the other demands placed upon the limited resources of the United States Marshals Service.

Third, as noted above, the Pro Se Office of this Courthouse exists to provide procedural advice to *pro se* litigants. Accordingly, plaintiff should not expect the Pro Se Office to provide him with "legal know-how" or a "legal education" concerning "how to conduct . . . adequate legal research." *Id.* at 6.

**The Fourth Submission: Plaintiff's Letter dated June 22, 2012**

Plaintiff's letter dated June 22, 2012, principally complains about his treatment at Upstate Correctional Facility. Plaintiff states that he has had "a lot of issues with the correctional staff at this facility," and alleges that staff abuses include assault, the unnecessary use of force, and interference with his legal mail. Letter to District Judge Sandra L. Townes from Matthew Jenkins, dated June 22, 2012, at 1. Plaintiff seeks "an injunction against [the] facility and its officers," as well as assistance "in being produced for any court appearance, or hearing or

4

conference" in connection with this action.  *Id.* at 2.  In addition, plaintiff seeks to be relocated to another prison.

This Court does not have the power to grant the relief plaintiff seeks.  This action relates to the circumstances of plaintiff's August 2006 arrest and subsequent prosecution.  It has nothing to do with prison conditions and no prison officials are named in the lawsuit.  Accordingly, this Court lacks personal jurisdiction over these officials and cannot grant the relief plaintiff seeks. However, if conferences or hearings prove necessary in this action, this Court will request the assistance of prison officials.  Based on past experiences, the Court expects that prison personnel will prove responsive to any such requests.

**SO ORDERED**.

SANDRA L. TOWNES
United States District Judge

Dated: July  *18* , 2012
      Brooklyn, New York

5