UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MATTHEW JENKINS,



BROOKLYN OFFICE

Plaintiff,

**MEMORANDUM AND ORDER**

-against-

11-CV-4178 (SLT) (CLP)

DETECTIVE LIAMM MORRIS, *et al.*,

Defendants.
------------------------------------------------------------x
**TOWNES, United States District Judge:**

In August 2011, plaintiff Matthew Jenkins, who was then an inmate in a New York State prison, commenced this *pro se* civil rights action against two New York City Police Department and various other public officials. Until September 2012, when plaintiff was released from State custody, plaintiff actively prosecuted this case. However, following his release, plaintiff failed to update the Court on his new address or otherwise communicate with this Court.

On February 25, 2013, Magistrate Judge Pollak issued an order scheduling a telephone conference in this case for March 27, 2013. That scheduling order was not only uploaded onto the Court's electronic docket sheet, but was mailed to plaintiff's last known address: Upstate Correctional Facility. On March 20, 2013, that mailing was returned to the Court as undeliverable.

Plaintiff failed to appear at the March 27, 2013, conference. Defendants' counsel, however, did appear and informed Judge Pollak that plaintiff had been released from State custody in September 2012 and had not been heard from since. Accordingly, Judge Pollak granted defendants' counsel permission to file a motion to dismiss the action for failure to prosecute.

Defendants filed their motion to dismiss in late April 2013. Plaintiff never responded to the motion. Accordingly, on May 7, 2013, Judge Pollak issued a report and recommendation (the "R&R"), recommending that this action be dismissed for failure to prosecute. After discussing the procedural history of this case in detail, that R&R concluded:

> Given the lack of progress in this case, plaintiff's failure to keep the Court apprised as to his whereabouts, and plaintiff's failure to appear before the Court for the March 27, 2013 conference, the Court respectfully recommends that this action be dismissed for failure to prosecute. Particularly after considering plaintiff's active participation in this litigation prior to his release and his inattention to it as of late, it appears to the Court that plaintiff no longer desires to prosecute this action.

R&R at 4. The R&R also expressly advised the parties that they had 14 days from their receipt of the R&R in which to file objections, and directed the Clerk of Court to "to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail." R&R at 5.

In accordance with Judge Pollak's order, the Clerk of Court docketed the R&R on ECF and mailed a copy of the R&R to plaintiff at Upstate Correctional Facility. In late May 2013, the R&R which had been mailed to plaintiff was returned with a notation indicating that it was undeliverable because plaintiff had been released. Since the date the R&R was issued, this Court has received no objections or any other communications from plaintiff.

A district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nonetheless, when no objections are filed, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R.

Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05 Civ. 339 (NGG) (AKT), 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007). Accordingly, this Court has reviewed the R&R for clear error on the face of the record.

In this case, there is no clear error. Plaintiff has not filed any submissions in this case since his release from State custody in September 2012 – a period of over one year. In March 2013, plaintiff failed to appear for a scheduled status conference – a failure which, standing alone, might justify dismissal. See Fed. R. Civ. P. 16(f), 37(b)(2)(A)(v).[1] To be sure, plaintiff's failure to appear may have been due to the lack of actual notice of the March 27, 2013, pre-trial conference before Judge Pollak. However, the lack of notice was solely attributable to plaintiff's abdication of his responsibility to keep the Court informed of his current address. *See, e.g., Aponte v. Atlantic Exp. Transp.*, No. 07-CV-5325 (CBA)(LB), 2008 WL 2388256, at *5 (E.D.N.Y. June 11, 2008) (report and recommendation of Bloom, M.J.) ("It is plaintiff's responsibility to keep the Court informed of his current address."); *see also Handlin v. Garvey*, No. 91 Civ. 6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996) (explaining that the duty to inform the court and defendant of one's current address is "an obligation that rests with all *pro se* plaintiffs"). Under these circumstances, Judge Pollak's recommendation that this Court dismiss this action was entirely just and appropriate. *See Pearson v. City of New York*, No. 04-CV-2280 (NG) (LB), 2006 WL 3511384 (E.D.N.Y. Dec. 5, 2006) (adopting a report and recommendation

---

[1] Rule 16(f) of the Federal Rules of Civil Procedure provides that "if a party . . . (A) fails to appear at a scheduling or other pretrial conference . . . or (C) fails to obey a scheduling or other pretrial order," a court may, "[o]n motion or on its own, . . . issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." Rule 37(b)(2)(A)(v) authorizes "dismissing the action or proceeding in whole or in part."

which recommended dismissal under circumstances almost identical to the circumstances in this case).

## CONCLUSION

For the reasons stated above, Magistrate Judge Pollak's Report and Recommendation dated May 7, 2013, is adopted in its entirety and this action is dismissed pursuant to Fed. R. Civ. P. 41(b). The Clerk of the Court is directed to enter judgment and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/s/(SLT)
SANDRA L. TOWNES
United States District Judge

Dated: October 18, 2013
Brooklyn, New York